[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 9, 1996
This matter came before the court as a hearing in damages in which the plaintiff's claim a balance due by the defendants for legal services. Default has entered against the defendants, and no written notice was given by the defendants under the Practice Book. P.B. § 367.
No written retainer agreement was entered into by the parties. Nevertheless, plaintiffs ask that damages be set in the amount of $5,510.94, legal fees, costs, plus $150 for the suit. The defendants appeared, pro se, and argued that (a) they were under the belief that the fee arrangement was a flat fee of $4,000; (b) that the plaintiff was to incorporate their business, negotiate a lease, and obtain a liquor license; and (c) they never obtained the liquor license, but executed a lease for the subject premises and paid the first three months rent although they never occupied the premises. They further claim that they were required to retain other counsel to "get them out of the lease." There was evidence that the defendants had been incorporated by the plaintiffs.
The questions for the court are: (a) Do the defendants' defenses constitute the contesting of damages, as permitted by P.B. § 367, and (b) should the plaintiffs be entitled to recover damages from the defendants even though no written fee arrangement existed?
Practice Book § 367 requires a defendant who intends to raise defenses in a hearing in damages after a default, to give written notice to the plaintiff of his intention. Absent such notice, the defendant is limited to contesting the amount of damages at such hearing. The defendants, Spanish speaking people who were not represented by counsel at any time in this action, suffered a default to be entered against them and failed to give the plaintiff's notice of an intention to contest the allegations of the complaint, and the time within which to do so expired. P.B. § 368.
The plaintiffs alleged that the defendants agreed to pay CT Page 5404 ". . . the plaintiff's . . . the plaintiffs' usual and customary rate" for legal services the plaintiff was to perform. The only evidence presented as to the amount of such services was given by the plaintiffs' office manager/bookkeeper, who testified as to the procedure used to generate statements by computer. The plaintiffs claim services performed amounted to $7,473.75 plus $1,037.19 in expenses. The computer printout admitted into evidence indicated an hourly rate of $225 was charged. It also showed that the defendants had paid a retainer of $2,000 to the plaintiffs, and later an additional $1,000. No principal of the plaintiffs testified as to any aspect of the damages claimed, or as to the reasonableness of the fees. See, Rules of ProfessionalConduct, Rule 1.5 Fees, Subsection (a). The defendants claim that the damages the plaintiffs are entitled to is $1,000 since there was a $4,000 fee arrangement and they paid $3,000 on account.
Whatever a fee arrangement may be, the "lawyer's shall be reasonable." Rules of Professional Conduct, Rule 1.5(a). This rule sets out several factors to be considered in determining the reasonableness of a fee. One of these factors is the amount involved and "the results obtained." Id., Rule 1.5(a)(4). The plaintiffs here charged more than $7,000 in fees, and expenses in excess of $1,000. However, no liquor license was obtained and the lease negotiated was aborted. The only successful effort of the plaintiffs was the incorporation of the defendants. The court does not suggest that this lack of success anyway reflects on the competence or diligence of the plaintiffs, and there was no evidence to support such a suggestion. Apparently, there were extrinsic factors militating against the success of the project. But it is clear that, for whatever reasons, the "results obtained" were not commensurate with the amount of the fees charged. A court can evaluate the reasonableness of an attorneys fee in light of the factors set forth in Rule 1.5. SouthportManor Convalescent Center. v. Kundrath, Docket No. CV91 0284958, Judicial District of Fairfield at Bridgeport, (November 2, 1994) (Vertefeuille, J.).
The court holds that, in this case, the defenses of the defendants as to the damages are inextricably bound to the issue of the basis of the fee arrangements, and the reasonableness of those fees, and that the plaintiffs have failed to meet their burden of proving the damages claimed.
Additionally, the court addresses the issue of the lack of any written fee agreement. "When the lawyer has not regularly CT Page 5405 represented the client, the basis or rate of the fee and the scope of the matter to be undertaken shall be communicated to the client, in writing, before or within a reasonable time after commencing the representation . . ." Rules of ProfessionalConduct, Rule 1.5 Fees, Subsection (c) (Emphasis added). This rule was clearly violated by the plaintiff's, yet the plaintiff's seek to collect legal fees based on a verbal agreement which the defendants said was never made. Whether or not such an agreement was made the court does not determine, but clearly the parties find themselves in a dispute which the rule was meant to avoid.
The court finds that it would violate public policy for the plaintiff's to recover fees based upon an agreement which violates Rule 1.5(c) of the Rules of Professional Conduct.
After hearing in damages, the court awards damages to the plaintiff's in the amount of $1,000 without costs, and judgment may enter accordingly.
D'ANDREA, J.